**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BRANDON BERNINGER,**

**Plaintiff,**

**v.** **1:06-CV-886 (FJS/RFT)**

**AMADA AMERICA, INC., AMADA CANADA, LTD., AMADA EUROPE, S.A.,**

**Defendants.**

---

**APPEARANCES** **OF COUNSEL**

**O'CONNELL & ARONOWITZ, P.C.** **KEVIN P. HICKEY, ESQ.**
54 State Street, 9th Floor
Albany, New York 12207-2501
Attorneys for Plaintiff

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP** **LORRAINE E.J. GALLAGHER, ESQ., PHILIP QUARANTA, ESQ.**
3 Gannett Drive
White Plains, New York 10604-3407
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff filed his complaint on March 30, 2007, against Amada America, Inc. ("AA"), Amada Europe S.A. ("AE") and Amada Canada, Ltd. ("AC") asserting various product liability related causes of action. Defendant AA was dismissed without prejudice by stipulation on April 13, 2007. *See* Stipulation and Order dated April 13, 2007. Plaintiff has volunteered to

discontinue the action against Defendant AC. *See* Supplemental Affidavit of Kevin P. Hickey, Esq. dated October 9, 2007 ("Hickey Supp. Aff."), at ¶ 4 & n.1. Currently before the Court are Defendant AC's motion for summary judgment on the merits and for lack of personal jurisdiction and Defendant AE's motion for summary judgment for lack of personal jurisdiction.

**II. BACKGROUND**

Plaintiff alleges that he injured his left hand while using a Promecam Hydraulic Press Brake on July 22, 2003, while employed at Atmost Refrigeration, Inc. *See* Defendant AE's Statement of Unidsputed Facts ("Defendant's Facts") at ¶¶ 1-2.

Promecam Sisson-Lehamann ("PSL") manufactured the press brake in question in France in 1969. *See id*. at ¶ 3. Amada Co. Ltd. purchased PSL in 1986. *See* Declaration of Gilles Bajolet dated February 18, 2007 ("Bajolet Decl."), at ¶ 7. When Amada Co. Ltd. purchased PSL in 1986, PSL ceased business. *See* Plaintiff's Counterproposed Statement of Material Facts ("Plaintiff's Facts") at ¶ 11. At that time a new company was formed to manufacture metalworking machinery including press brakes known as Amada, S.A. *See* Defendant's Facts at ¶¶ 7-8. Amada, S.A. was renamed Amada Europe, S.A. ("AE") in 1993. *See id* at ¶ 8. Four hundred four PSL employees including some management employees became Defendant AE employees. *See* Plaintiff's Facts at ¶¶ 12-13.

Based on sales records, PSL manufactured the subject press brake in France in 1969 before Amada Co. Ltd. acquired PSL. *See* Defendant's Facts at ¶ 12. The press brake was sold to Lindahl, a company in Sweden. *See id*. Defendant AE does not have any records of subsequent sales of the press brake or knowledge of how the press brake entered the United

States. *See id*.

Defendant AE continues to manufacture press brakes, and Defendant AA distributes Defendant AE-manufactured machines in the United States. *See* Plaintiff's Supplemental Counterproposed Statement of Material Facts ("Plaintiff's Supplemental Facts") at ¶¶ 7-8. Defendant AA has distributed approximately forty-seven of Defendant AE's machines in New York, has an address listed in New York, maintains a website where companies may purchase Defendant AE's machines, and is registered with the New York Secretary of State. *See id*. at ¶¶ 10-14.

## III. DISCUSSION

### A. Defendant AC's motion

In light of Plaintiff's offer to discontinue the action against Defendant AC without prejudice and the lack of facts to support the assertion of jurisdiction over Defendant AC, the Court grants Defendant AC's motion to dismiss without prejudice. Accordingly, the Court will not address Defendant AC's motion for summary judgment on the merits.

### B. Defendant AE's motion

To assess a personal jurisdiction challenge, a court must first determine if there is jurisdiction over the defendant under the forum state's laws and then determine whether the exercise of jurisdiction is consistent with federal due process requirements. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (citation omitted). The plaintiff bears the burden of establishing jurisdiction; but, where the court has not conducted

an evidentiary hearing "the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Id.* However, where the court has not held an evidentiary hearing but the parties have conducted extensive discovery regarding personal jurisdiction, """the plaintiff's prima facie showing, necessary to defeat a jurisdictional testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction. . . ."'" *Id.* (quotation omitted). The court may choose to hold an evidentiary hearing on the issue of personal jurisdiction; if an evidentiary hearing occurs, the plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986) (citation omitted). The Court may hold a hearing based solely upon the papers or in a proceeding where evidence is taken. *See id.*

In New York, "a foreign corporation is subject to general personal jurisdiction . . . if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (citing N.Y. C.P.L.R. § 301) (other citation omitted). A corporation is doing business in New York if a plaintiff can demonstrate "'continuous, permanent, and substantial activity in New York.'" *Id.* (quotation omitted). Jurisdiction may be predicated on the actions of an agent if those actions are "sufficiently important to the foreign entity that the corporation itself would perform equivalent service if no agent were available." *Id.* (citations omitted). To establish jurisdiction based on an agency relationship, a plaintiff need not show a formal agency agreement or direct control; however, "[t]he agent must be primarily employed by the defendant and not engaged in similar services for other clients." *Id.* (citation omitted). Under the doing business standard, courts analyze several indicia including: "whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone

listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests." *Id*. at 98 (citations omitted).

Specific personal jurisdiction exists over a non-domicillary where the cause of action arises from any of the following acts by the party or an agent: transacts business in New York or contracts to supply goods or services in New York, § 302(a)(1); commits a tortious act outside of New York causing injury in New York where the party regularly does or solicits business or engages in any other persistent course of conduct or derives revenue from goods used or consumed in New York, § 302(a)(3)(i); or commits a tortious act outside of New York causing injury in New York and should reasonably expect consequences in New York and derives substantial revenue from interstate or international commerce, § 302(a)(3)(ii).

Alternatively, in certain circumstances, a defendant can inherit its predecessor's jurisdictional status, although it is not clear whether minimum contacts are one of those circumstances. *See Societe Generale v. Fl. Health Scis. Ctr., Inc.*, No. 03 Civ. 5615, 2003 WL 22852656, *4 (S.D.N.Y. Dec. 1, 2003) (finding that a *de facto* merger or mere continuation could lead to the inheritance of a predecessor's jurisdictional status, but noting that the cited cases only deal with inheritance of a forum selection clause or jurisdiction over a New York corporation under N.Y. Bus. Corp. Law § 304(a) and not under § 302(a)(1)).

In either case, the Court needs to analyze whether Defendant AE is the successor to PSL. Successor liability exists where the successor is the mere continuation of the predecessor or where there was a merger (including a de facto merger or consolidation). *See Diaz v. South Bend Lathe, Inc.*, 707 F. Supp. 97, 99-100 (E.D.N.Y. 1989) (applying New York law) (citations omitted). A mere continuation exists where the predecessor is extinguished and there is a

continuity of directors and stockholders. *See id*. at 100 (quotation omitted). A de facto merger occurs based on the following factors (all of which need not be satisfied): legal continuity between predecessor and successor, "as evidenced by: continuity of ownership; cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and a continuity of management, personnel and physical operation." *Id*. at 100 (citations omitted).

Since Defendant AE's motion raises concerns about personal jurisdiction in this case, which the Court cannot resolve based upon the present record, the Court denies Defendant AE's motion for summary judgment without prejudice at this time. However, the Court instructs the parties to conduct supplemental discovery as needed regarding the following issues:

- the Corporate relationship between AA, Defendant AE, and Amada Co. Ltd.;

- the nature of the distribution relationship between AA and Defendant AE including the level of control exerted by Defendant AE, whether AA sells press brakes or other machines manufactured by entities other than Defendant AE and entities other than related corporations, e.g. AC, Amada Co., Ltd., or other Amada entities;

- information regarding the sale of PSL to Amada Co., including but not limited to whether there existed legal continuity; continuity of ownership, continuity of shareholders and directors; the cessation of PSL's business; any assumption of liability by Amada Co.; and continuity of management, personnel and physical operation, i.e., whether Defendant AE (or another Amada entity) and PSL consolidated or whether the transaction constitutes a de facto merger or mere continuation;

- the corporate relationships and the details of the transactions whereby Amada Co. Ltd. or Defendant AE purchased PSL, the creation of Amada, S.A., and the transition from Amada, S.A. to Defendant AE;

- Defendant AE's business prior to the purchase of PSL and the scope of Defendant AE's business beyond the manufacture of press brakes and other business derived from the purchase of PSL;

- the nexus, or lack thereof, between the sale of the subject press brake by PSL and Defendant AE's current sales to New York;

- the process by which a customer in New York would acquire a press brake manufactured by Defendant AE through AA;

- Defendant AE's revenue from sales of machinery to New York and Defendant AE's revenue from international commerce;

- whether AA acts as Defendant AE's agent for purposes of personal jurisdiction analysis;

- any other issue that would affect the Court's exercise of personal jurisdiction over Defendant AE under N.Y. C.P.L.R. §§ 301, 302(a)(1), and 302(a)(3).

If after the completion of this supplemental discovery, Defendant AE wants to file another motion regarding the issue of personal jurisdiction, it may do so within the time frame set forth in this Order.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant AC's (Amada Canada, Ltd.) motion for summary judgment is **GRANTED** and Defendant AC is **DISMISSED** as a Defendant in this action for lack of personal jurisdiction without prejudice; and the Court further

**ORDERS** that Defendant AE's (Amada Europe, S.A.) motion for summary judgment is **DENIED** without prejudice; and the Court further

**ORDERS** that the parties shall conduct supplemental discovery as needed regarding the issues set forth above; the parties are to complete said discovery within **ninety (90) days** from the date of this Order; and the Court further

**ORDERS** that, as part of the supplemental discovery the parties are to conduct, Defendant AE shall provide Plaintiff with copies of all documents in its possession that may be relevant to the issues raised herein; and the Court further

**ORDERS** that, after the parties have conducted the supplemental discovery ordered herein, if Defendant AE wants to file another motion regarding the issue of personal jurisdiction, it must do so within **one hundred twenty (120) days** from the date of this Order;[1] and the Court further

**ORDERS** that, if Defendant files another motion regarding the issue of personal jurisdiction, Plaintiff must file any papers in opposition to that motion within **thirty (30) days** from the date of the filing of that motion.

**IT IS SO ORDERED.**

Dated: September 30, 2008
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

[1] If Defendant files such a motion, the Court will decide whether to conduct an evidentiary hearing on the papers or whether to conduct an in-person hearing after it has had the opportunity to review the parties' submissions.