**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRANDON BERNINGER,**

                      **Plaintiff,**

              **v.**                                      **1:06-CV-886**
                                                                   **(FJS/RFT)**

**AMADA AMERICA, INC.; AMADA**
**CANADA, LTD.; and AMADA EUROPE, S.A.,**

                      **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**O'CONNELL & ARONOWITZ, P.C.**           **KEVIN P. HICKEY, ESQ.**
54 State Street, 9th Floor
Albany, New York 12207-2501
Attorneys for Plaintiff

**WILSON, ELSER, MOSKOWITZ,**            **LORRAINE E.J. GALLAGHER, ESQ.**
**EDELMAN & DICKER LLP**                     **PHILIP QUARANTA, ESQ.**
3 Gannett Drive
White Plains, New York 10604-3407
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff filed his complaint on March 30, 2007, against Amada America, Inc. ("AA"), Amada Europe S.A. ("AE") and Amada Canada, Ltd. ("AC") asserting various product liability causes of action arising from an alleged injury that he suffered at work using a Promecam

Hydraulic Press Brake that Promecam Sisson-Lehamann ("PSL")[1] manufactured in France in 1969.[2] Defendant AA was dismissed without prejudice by stipulation on April 13, 2007. *See* Stipulation and Order dated April 13, 2007. Defendants AC and AE moved for summary judgment for lack of personal jurisdiction. Plaintiff volunteered to discontinue the action against Defendant AC, and the Court granted Defendant AC's motion for summary judgment for lack of personal jurisdiction. *See* Memorandum-Decision and Order dated September 30, 2008, at 7. The Court denied Defendant AE's motion without prejudice, ordered the parties to conduct supplemental discovery as needed, and granted leave for Defendant AE to submit another motion for summary judgment on the issue of personal jurisdiction.

Currently before the Court is Defendant AE's renewed motion for summary judgment for lack of personal jurisdiction.

## II. DISCUSSION

In its September 30, 2008 Memorandum-Decision and Order ("MDO"), this Court found, based on the facts before it, that Plaintiff would have to aver facts that, if ultimately credited by the finder of fact, would suffice to establish personal jurisdiction. *See* MDO at 4. The Court determined that Plaintiff would either have to aver facts to demonstrate an agency relationship between Defendant AE and former Defendant AA to establish general personal jurisdiction based on former Defendant AA's New York activities or demonstrate specific jurisdiction

---

[1] In 1986 Amada Co. Ltd., which became Defendant AE, purchased PSL.

[2] The Court's September 30, 2008 Memorandum-Decision and Order contains a more thorough discussion of the background relevant to Defendant AE's motion.

through successor liability to PSL through a mere continuation or de facto merger in Amada Co. Ltd.'s acquisition of PSL, which was renamed Defendant AE. *See id*. at 4-5.

> [T]he Court instruct[ed] the parties to conduct supplemental discovery as needed regarding the following issues:
>
> • the Corporate relationship between AA, Defendant AE, and Amada Co. Ltd.;
>
> • the nature of the distribution relationship between AA and Defendant AE including the level of control exerted by Defendant AE, whether AA sells press brakes or other machines manufactured by entities other than Defendant AE and entities other than related corporations, e.g. AC, Amada Co., Ltd., or other Amada entities;
>
> • information regarding the sale of PSL to Amada Co., including but not limited to whether there existed legal continuity; continuity of ownership, continuity of shareholders and directors; the cessation of PSL's business; any assumption of liability by Amada Co.; and continuity of management, personnel and physical operation, i.e., whether Defendant AE (or another Amada entity) and PSL consolidated or whether the transaction constitutes a de facto merger or mere continuation;
>
> • the corporate relationships and the details of the transactions whereby Amada Co. Ltd. or Defendant AE purchased PSL, the creation of Amada, S.A., and the transition from Amada, S.A. to Defendant AE;
>
> • Defendant AE's business prior to the purchase of PSL and the scope of Defendant AE's business beyond the manufacture of press brakes and other business derived from the purchase of PSL;
>
> • the nexus, or lack thereof, between the sale of the subject press brake by PSL and Defendant AE's current sales to New York;
>
> • the process by which a customer in New York would acquire a press brake manufactured by Defendant AE through AA;

- Defendant AE's revenue from sales of machinery to New York and Defendant AE's revenue from international commerce;

- whether AA acts as Defendant AE's agent for purposes of personal jurisdiction analysis;

- any other issue that would affect the Court's exercise of personal jurisdiction over Defendant AE under N.Y. C.P.L.R. §§ 301, 302(a)(1), and 302(a)(3).

*See* MDO at 6-7.  The Court ordered such discovery to be completed in ninety days.  *See id.* at 8.

On January 5, 2009, Defendant AE, by letter motion, informed the Court that no further discovery had taken place; that, accordingly, there were no new areas to be addressed in a new motion; and that Defendant, by its letter, was requesting reconsideration of its motion for summary judgment.  *See* Dkt. No. 48.[3]

On February 4, 2009, Plaintiff responded by letter.  Plaintiff asserted that he determined that supplemental discovery was futile because it had already been requested[4] and that Defendant had responded inadequately.  Plaintiff, therefore, requested full discovery and depositions.  Plaintiff also asserted that, if he is limited to written discovery, he only need "'demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.'"  *See* Dkt. No. 49 (quoting *Birmingham Fire Ins. Co. v. KOA Fire & Marine Ins.*, 572 F. Supp. 962, 964 (S.D.N.Y. 1983)).  Plaintiff then reiterated the facts that show that Defendant AE's predecessor purchased

---

[3] Defendant AE attached a letter from its counsel to Plaintiff's counsel reminding him of the deadline for additional discovery.  Plaintiff's counsel responded that he would provide such demands by the next week.  *See* attachments to Dkt. No. 49.

[4] Defendant disputes the claim that Plaintiff's prior discovery requests encompassed the issues identified in this Court's MDO.

-4-

PSL, that former Defendant AA is a distributor for Defendant AE in the United States and Defendant AA's contacts with New York state. *See id*.

The Court has already addressed Plaintiff's renewed arguments in support of personal jurisdiction. *See* MDO *generally*. Specifically, the Court concluded that, based on the facts Plaintiff had asserted, Plaintiff could not establish personal jurisdiction over Defendant AE. The Court found that, on the present record, personal jurisdiction could not be based on former Defendant AA's ties to New York State unless Plaintiff could show an agency relationship, not just a distributorship relationship. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000); *Burndy Corp. v. Huskie Tools, Inc.*, No. 91, Civ. 6071, 1992 U.S. Dist. LEXIS 3673, at *7-*8 (S.D.N.Y. Mar. 20, 1992) (finding distributor relationship insufficient to establish personal jurisdiction without an agency relationship). Further, the Court found that, on the present record, personal jurisdiction over Defendant AE could not be based on PSL's activities without showing successor liability. *See Societe Generale v. Fl. Health Scis. Ctr., Inc.*, No. 03 Civ. 5615, 2003 WL 22852656, *4 (S.D.N.Y. Dec. 1, 2003).

Moreover, Plaintiff's refusal to conduct supplemental discovery on the ground that he has determined that such discovery would be futile does not make sense in light of the fact that this Court instructed the parties to conduct such supplemental discovery. If Plaintiff believed that Defendant AE's previous answers had been non-responsive, he could have moved to compel such discovery. Instead he chose to do nothing despite the Court providing him with a "second chance" to establish a *prima facie* case of personal jurisdiction. Since Plaintiff has not shown the requisite facts that would support a finding of personal jurisdiction over Defendant AE, the Court grants Defendant AE's motion and dismisses Plaintiff's claims against Defendant AE for

lack of personal jurisdiction.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Amada Europe S.A.'s motion for summary judgment for lack of personal jurisdiction is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** for lack of personal jurisdiction; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment for Defendants and close this case.

**IT IS SO ORDERED.**

Dated: June 22, 2009
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge